# STATE OF VERMONT

SUPERIOR COURT                                          ENVIRONMENTAL DIVISION
Environmental Division Unit                              Docket No. 173-12-13 Vtec

---

Killington Resort Parking Project Act 250 Permit Application

---

## ENTRY REGARDING MOTION

Count 1, Act 250 District Commission Decision (173-12-13 Vtec)

Title:   Motion to Substitute Plan Exhibits, Implement Other Project Changes, and to Withdraw
         the Opposition of Pinnacle Condominium Association, Inc.  (Motion 8)
Filer:           Killington/Pico Ski Resort Partners, LLC
Attorney:        Christopher D. Roy
Filed Date:      November 4, 2015

No response filed

**The motion is GRANTED IN PART.**

Killington/Pico Ski Resort Partners, LLC ("Applicant") moves this Court to allow for the post-trial filing of substituted plans and the implementation of other project changes that are the product of a settlement reached with one of the principal opponents to this project: Pinnacle Condominium Association, Inc. ("Pinnacle").  Applicant also moves for the withdrawal of the opposition presented by Pinnacle, premised upon the Court's allowance of the substituted plans and other project changes.  Pinnacle consents to Applicant's requests.

The substituted plans focus upon the portion of the proposed project known as "Road H," which has caused Pinnacle's members concern because of its proximity to the adjoining Pinnacle condominium development.  The substituted plans and supporting materials have been marked for identification as Exhibits A, B, and C, and are attached to Applicant's pending motion.  Road H travels between the Killington access road and Old Mill Road; Road H also provides one of the access ways to the proposed new day skier parking lots.

Applicant filed its pending motion and attached exhibits on November 4, 2014 and certified that it had served all parties.  To date, the Court has not received an objection to Applicant's motion from any party to this appeal.  Based upon the lack of objection and the benefit of the settlement reached between two of the principal parties to this litigation, the Court hereby **GRANTS** Applicant's requests, under the following conditions.

Our first thought was that, in order to receive the substituted plans, the Court would need to officially reopen the evidence in this post-trial proceeding, to allow cross-examination

of sponsoring witnesses, and the presentation of other evidence that is relevant to the revised plans.  The Court is reluctant to re-open these proceedings and is concerned about the length of time that it has allowed these appeals to remain outstanding.

In light of the fact that no objection was filed in response to Applicant's pending motion, we ask the other parties to advise the Court, in writing, of whether they wish to be afforded the opportunity to cross-examine the witness(es) presented to sponsor the revised plans, and whether they believe that a reopening of the evidentiary hearing is necessary.

Therefore, the Court **DIRECTS** that the parties advise, in writing and by no later than **Monday, January 11, 2016**, whether they believe a reopening of the evidentiary hearing is necessary before the Court admits the offered revised plans into the record of this matter and whether they intend to cross-examine the sponsoring witness(es) and to present their own evidence.  If no party advises that a re-opening of the evidentiary hearing is necessary, the Court will substitute the revised plans as requested by Applicant and will resume its research and drafting of merits decisions in each of the pending appeals.

If the Court is advised that the evidentiary hearing needs to be re-opened, then the Court will schedule a further one-day hearing.  In preparation of that possibility, all parties are directed to determine what days they, their attorneys and their witnesses will be unavailable during the months of February and March, 2016, and are hereby **DIRECTED** to submit a list of those unavailable days to the Court no later than **Friday, January 15, 2016.**

**So ordered.**

Electronically signed on December 11, 2015 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:

Nathan H. Stearns (ERN 3585) and C. Daniel Hershenson (ERN 3586), Attorneys for Appellants Stephen Durkee, Mountainside Properties, Inc., Mountainside Development, Inc., Fireside Properties, LLC, and Killington Village Prop., Inc.

Christopher D. Roy (ERN 1352), Attorney for Applicant Killington/Pico Ski Resort Partners, LLC

Jon S. Readnour (ERN 2166), Attorney for Interested Person Pinnacle Condo. Association, Inc.

Gregory J. Boulbol (ERN 1712), Attorney for the Vermont Natural Resources Board

Elizabeth Lord (ERN 4256), Attorney for the Vermont Agency of Natural Resources